In The Court of Criminal Appeals
Of The State of Texas Criminal Division

68,141-03

Pro Se - Thomas, Adrian
Relator

vs,

Texas, State in the
263d District Court
Respondent

case no. 1017263

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 08 2015

Abel Acosta, Clerk

## Writ OF Mandamus

Now comes Thomas, Adrian, pro se before this honorable court in a showing of actual innocence, in this writ of mandamus supporting cause for relief. Relief sought from the 263 Harris County, Texas District Court, from judgment which resulted in a wrongful incarceration of one who is innocent. (14th Amendment Constatute, it is an arbitration of the constitution that an innocent person be sent to prison without fair protection and Due process of the law. Mr. Thomas is writing this mandamus also in response to Abel Acosta, Clerk for the Court of Criminal Appeals who returned applicant's motion for authorization to file a successive writ of habeas Corpus. Mr. Acosta returned applicants motion on Sept 10. 2015 with a letter stating that the Court of Criminal Appeals does not have a record of Mr. Thomas filing a 11.07. When in fact Mr. Thomas filed (2) habeas Corpus for relief around April 2007 & July 2009 in the 263d Harris County District court. It is the responsiblity of the district court to forward a copy of said application of habeas corpus to the Court of Criminal Appeals; Article 11.07 Section 3(c) of the Texas Code of Criminal Procedures.

I, Thomas, Adrian, TDCT-ID # 01345753 is an offender incarcerated in the Texas Department Criminal Justice and is appearing pro se, who can be located at the James Lynaugh Unit 1098 South Highway 2037, Ft. Stockton, Texas 79735. Relator will show this honorable, of legal authority, Court of Criminal Appeals a clear an factual error and find the 263d Harris County District Court in default for the above style and cause. That not only should relator be allowd to file an out of time appeal but also be granted an Attorney for said appeal. The act sought is ministerial and not discretionary in nature. T.C.C.P Art. 11.07 Sec. 3(c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of Habeas corpus any answers file, and a certificate reciting the date upon which that finding

was made. If the convicting court decides that there are no issues to be resolved, no copy of the transmitted application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. ~~by Respondent as~~ Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statute, Relator would have received notice from the Court of Criminal Appeals.

## II

Respondent, Erica Thomas-Brice, in her capacity as District Clerk of Harris County 263d District Court, has a ministerial duty to receive and file all papers in a criminal proceeding and perform all other duties imposed on the Clerk by law pursuant to T.C.C.P. Art 2.21 and is responsible under T.C.C.P. Art. 11.07 Sec. 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of Habeas Corpus, and any answers filed and certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to resolve. Erica Thomas-Brice, District Clerk, may be served at her place of business at Criminal Justice Center, 1201 Franklin 15th Fl, Houston, Texas 77002.

## III

(Violation of Article 11.07 of the Texas Code of Criminal Procedures).

3.01 The Respondent violated Article 11.07 Section 3(c) of the Texas Code of Criminal Procedures by failing to provide a copy of the application for writ of habeas corpus, any answers filed and a certificated reciting the date upon which that finding was made to the Court of Criminal Appeals within the (20) day time period prescribed by law, and within a reasonable time from the date on which the documents were requested to be transmitted

3.02 Request for the transmittal of the application for writ of habeas corpus, any answers filed and certificate reciting the date upon which that finding was made by Relator to Erica Thomas-Brice, District Clerk, Harris County, Texas by certified mailed letters dated May 7, 2007 ; August 26, 2009, pursuant to Article 11.07 Section 3(c) of the Code of Criminal Procedures. Supporting affidavit and letter from Abel Acosta, Criminal Appeal Clerk, is incorporated by reference herein for all purposes are attached hereto as Exhibits. 3.03 To date Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of Habeas Corpus, any answers filed and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedures Article 11.07 Section 3(c), and is acting in bad faith and has also failed to afford Relator's the professional and common courtesy of any written response to his correspondence and request.

Article 11.07 Section 3(c) clearly states that if convicting court decides that there are no such issues the Clerk shall immediately transmit, [emphasis added], the Court of Criminal Appeals a copy of the application, any answer filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed (20) days, shall constitute such a finding. Texas Code of Criminal Procedures Art. 11.07 Sec. 3(c) Respondent is in violation of this procedure, ministerial duties and thus the laws of this State.

### Prayer for Relief

Wherefore, Premises Considered Relator's, Thomas, Adrian, pro-se respectfully request a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondent to transmit the original copy of the application for writ of Habeas Corpus or order and out of time application for review of newly discovered evidence.

Respectfully Submitted;

Adrian Thomas #345753
Lynaugh Unit
1098 South Highway 2037
Ft. Stockton Texas 79735

Texas Code of Criminal Procedures
Article 11.07 Section 3(c)


(Exhibit A)



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

September 10, 2015

Adrian Thomas #1345753
Lynaugh Unit
1098 S Hwy 2037
Ft. Stockton, TX 79735

RE: Trial Court Case #01-09-01076CR

Dear Mr. Thomas:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure

(Exhibit B)

## Affidavit for Support of Merits

Now comes, Adrian Thomas, pro-se in this original style and support affidavit for a showing of actual innocence and a fundamental fair showing for relief. Petitioner seeks relief from the original judgment of the 263d District Court, Harris County, Texas; which resulted in harm for Petitioner is unlawfully incarcerated as a result of a miscarriage of justice and malicious prosecution. Ineffective assistance of counsel are issues that are unresolve matters, were counsel failed to object to defendant being reindicted for the same charge when indictment had been dismissed. Counsel advised defendant that he wouldn't be able to appeal once the plea bargain was excepted. Evitt v Lucey 469 U.S. 387, 105 S.Ct. 830 (1985)

## I
### Statement of Case

Petitioner was charged and indicted for aggravated sexual assault. The recode reflects that this charge was dismissed; Vernon Ann. T.C.C.P. Art. 27.03; Miller v State 909 S.W. 2d 506. Whenever an order that requires alteration or setting aside charging instrument or filing new charging instrument effectively terminates defendant from Prosecution. (Texas. App. Austin 1995) Petitioner was reindicted, which Counsel failed for to inform defendant of his right to object nor did Counsel object to a reindictment, in the 263d Harris County District Court, at 1201 Franklin 15th floor, Houston, Texas 77002 - Judge Jim Wallace. The Court excepted defendants involuntry plea of guilty, March 4, 2005, were no evidence exist to support charge, in open court and was assessed to (10) ten years deferred adjudicate probation. On or about December 16, 2005 defendant was adjudicated for violating condition of probation and sentence to (20) twenty years imprisonment. Petitioner would not have been on probation nor would Petitioner have to serve prison time if he would have had effective assistance of counsel.

## II

Article 44.02 states that a person should be able to go forward with an out of time appeal when the evidence raises doubt, were the court doesn't have confidence in a trials proceedings outcome. Also petitioner should be allowed an out of time appeal when a showing of actual innocence is so strong, no jury could have found petitioner guilty beyond a reasonable doubt. The trial court should not have, excepted defendants guilty nor should be able to assess

P. 1

punishment when District Court lacks authoriy, under Texas law the convicting court lacks jurisdiction to rescind order to dismissed indictment; (Key 141 Indictment an Information), Vernon Ann. T.C.C.P. Article 27.03, In addition petitioner will show that there is no evidence to support charging instrument Rodriguez v State 442 S.W. 2d 376 (Criminal law -Key 257), State must offer evidence demonstrating defendants guilt, if the State fails to show evidence of guilt then defendant is entitled to new trial, Lemons vState 953 SW. 2d 825; Spivey v State 140 S.W. 2d 386, defendants plea of guilty does not mean that the charges are true. The state must show beyond a reasonable doubt that defendant did commit the alleged crime stated in the indictment, a person shall not be convicted solely, upon a plea of guilty, Morris v State 749 S.W. 2d 772 Tex.Cr. App 1986.; Article 1.15 C.C.P.

## III

The record for case number 1017263 of this style and cause, shows no true or correct evidence for positive conformation of the commission of the alleged offence sited in the indictment to have probative value for judgment rendered. Evidence insufficient to establish factual basis for defendant's guilty plea of penetration stated in the indictment. (Federal rule of evidence 801, (C) 2.); U.S. v Gobert 139 F. 3d 436, 5th Cir. 1998. Petitioner will show these findings for relief and brings forth in accordance with Equitable tolling; Supreme Court ruling in Mcguggin v Perkins 185 L.Ed. 2d 1019, for the discovery of no evidence, (DNA) testing was not done until time had past. Motion for Article 64 contains (3) three affidavit stating no evidence exist to show or affirm allegation to be true. Court cannot accept guilty plea unless there is sufficient factual basis for the plea. Factual basis must be evident in the record. Penal Code 22.021 (2) a (1); 21.11 (3) B (e).

## Certificate of Service

On this day, __Thomas, Adrian__ comes before the Court of Criminal Appeals, a true and correct original statment of the foregoing application for writ of Mandamus and supporting affidavit, to be heard in the entitlment for justice Of actual innocence. Where if for nothing else Relator should be granted an out of time appeal and appointed counsel for further precedings. Wherefore ordered, Relator asked to for the court to send receipt acknowledging the date and time this application was received and filed. Signed and mailed on __October 5, 2015.__

## Prayer

Relator humblely submits this application for the foregoing writ of Mandamus an supporting affidavit on the __5th day__ of __October, 2015__ and prays this court will see the malicious prosecution fore which Relator has been subjected to and, render the proper order for the interest of justice. For Mr. Thomas is being confined unlawfully.

Adrian Thomas #1345753
Lynaugh Unit
1098 S Hwy 2037
Ft. Stockton Texas 79735